IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01671-LTB

CHRIS TILLOTSON,

    Plaintiff,

v.

T. J. McCOY,

    Defendant.

ORDER

    This matter is before the Court on the letter to the Court (ECF No. 8), which has been docketed as a notice of appeal, filed *pro se* by Plaintiff on November 25, 2013. Plaintiff requests an extension of time to file a notice of appeal from the Court's Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on August 5, 2013.

    The Court must construe the request for an extension of time to file a notice of appeal liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the request will be denied.

    Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case generally must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered. Pursuant to Rule 4(a)(5)(A), the Court may extend the time to file a notice of appeal if the party moves for an extension of time within thirty days after the time provided in Rule 4(a) expires and the party shows excusable neglect or good cause. Pursuant to Rule 4(a)(5)(C), an extension of time to file a notice of appeal may not exceed thirty days after the time

provided in Rule 4(a) expires or fourteen days after an order granting an extension of time is entered, whichever is later.

The motion for an extension of time to file a notice of appeal will be denied for two reasons. First, the request for an extension of time to file a notice of appeal is untimely. As noted above, the Court's order dismissing this action and the final judgment were entered on August 5, 2013. Therefore, the thirty-day period to file a notice of appeal expired on September 4, 2013, and any motion for an extension of time to file a notice of appeal needed to be filed no later than October 4, 2013. Second, Plaintiff fails to demonstrate excusable neglect or good cause.

Finally, even construing the request for an extension of time liberally as a motion to reopen the time to file a notice of appeal pursuant to Rule 4(a)(6), the request also must be denied because there is no indication that Plaintiff did not receive notice of the Court's Order of Dismissal and the Judgment within twenty-one days after they were entered. *See* Fed. R. App. P. 4(a)(6)(A). Accordingly, it is

ORDERED that Plaintiff's request for an extension of time to file a notice of appeal, which he makes in a letter to the Court (ECF No. 8) that has been docketed as a notice of appeal, is DENIED.

DATED at Denver, Colorado, this  3rd  day of    December    , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court